UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY SHARPE,

Plaintiff,

v.

CITY OF SOUTHFIELD, et al.,

Defendants.

______________________________/

Civil Action No. 20-cv-13172

Judith E. Levy
United States District Judge

David R. Grand
United States Magistrate Judge

**REPORT AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS (ECF No. 19)**

Plaintiff Anthony Sharpe ("Sharpe") commenced this action pursuant to 42 U.S.C. §§ 1983, 1988, on December 2, 2020, against defendants City of Southfield, Southfield Police Department, and Southfield Police Department Officers William Pieroni, Christopher Don, Steven Hendricks, and Joseph Martinez[1] (collectively, "Defendants"), alleging violations of his constitutional rights and state law claims related to an encounter he had with the Police Officer Defendants exactly three years earlier, on December 2, 2017. (ECF No. 1). Sharpe's operative amended complaint is somewhat unclear as to the constitutional claims he is asserting, but any confusion is immaterial now as Sharpe has since agreed his only claim under the United States Constitution is for excessive force under the Fourth Amendment, and his only state law claims are for gross negligence and

[1] The Court will refer to Officers William Pieroni ("Pieroni"), Christopher Don ("Don"), Steven Hendricks ("Hendricks"), and Joseph Martinez ("Martinez") as the "Police Officer Defendants."

intentional infliction of emotional distress ("IIED") against the Police Officer Defendants.

On April 30, 2021, Defendants filed a motion for judgment on the pleadings. (ECF No. 19). Sharpe filed a response (ECF No. 26) and Defendants filed a reply (ECF No. 27). The motion was referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 28). The Court held a hearing on Defendants' motion on October 14, 2021. In light of Sharpe agreeing to drop his claims for substantive due process violations, warrantless entry and search, unlawful arrest, malicious prosecution (ECF No. 26, PageID.224), and *Monell* liability (against the City of Southfield and its Police Department)[2], the parties agreed it made sense to attempt to settle the case before the Court ruled on the remaining claims. Accordingly, the Court held a settlement conference with the parties on December 2, 2021. The case did not settle, and Defendants' motion is now ripe for a ruling.

## I. RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Defendants' motion for judgment on the pleadings **(ECF No. 19)** be **GRANTED IN PART AND DENIED IN PART**, and that all of Sharpe's claims be **DISMISSED** except for his excessive force claim against the Police Officer Defendants.

---

[2] Sharpe did not address the *Monell* claim in his response brief, but agreed to drop it during the oral argument. The Court also notes that a municipality's police department is not a proper defendant in a civil rights action. *Derrick v. Beale*, No. 2:21-CV-10717, 2021 WL 5795323, at *2 (E.D. Mich. Dec. 7, 2021); *Boykin v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir. 2007). Accordingly, **IT IS RECOMMENDED** that Defendants' motion for judgment on the pleadings be **GRANTED** as to all of these claims that Sharpe has abandoned, and that those claims be **DISMISSED**.

## II. REPORT

### A. Background

In his operative amended complaint, Sharpe alleges that at approximately 11:00 p.m. on December 2, 2017, unspecified Southfield police officers responded to a "domestic complaint" at his home. Sharpe had "just removed an unwanted and belligerent guest, his brother, from his home and in doing so a physical confrontation ensued between [Sharpe] and his belligerent brother." Sometime later, there was a "boom" at the front door. Sharpe opened it, and found that the latch to the storm door and the strike plate had been broken by Officer Don.

Officers Pieroni, Don, and Hendricks "told [Sharpe] that they were coming into [his] home," and then entered the home without asking permission or explaining why they were doing so. Sharpe contends that he "told them that they could not come into my house with that type of attitude," and that an unidentified officer said, "I'm tired of this shit," to which Sharpe responded, "me too." Sharpe alleges that the officers closed the door and began to "viciously attack[]" him. Sharpe claims he did not resist, but was nevertheless "slammed to the ground and then snatched up and thrown against the wall." One of the officers allegedly had his hand on Sharpe's neck, pressing his face against the wall, while another officer pressed his back into the wall. Sharpe claims these actions were "excessive" and caused him to suffer "pain" and "injury."

Sharpe contends his house was searched, but nothing was found. He was then placed under arrest for "obstruction and resisting." Sharpe contends that after he was placed in handcuffs, he told the officers that they were "too tight," and "requested that [the

handcuffs] be loosened because [they] were causing injury to [his] wrists." Sharpe contends, however, that the officers did not loosen the handcuffs. After being released from custody, Sharpe "immediately went to urgent care where he was treated for lacerations to his wrists and soreness in his neck, back and bruising to his left arm." Sharpe contends that on April 18, 2018, he was acquitted of all charges against him.

**B. Standard of Review**

Pursuant to Fed. R. Civ. P. 12(c), "a party may move for judgment on the pleadings." Such a motion is reviewed under the same standard as motions under Fed. R. Civ. P. 12(b)(6). *See Vickers v. Fairfield Medical Center,* 453 F.3d 757, 761 (6th Cir. 2006). Therefore, on a motion brought pursuant to Rule 12(c), judgment may be issued for a party's failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6) and (c).

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests a complaint's legal sufficiency. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556. Put another way, the complaint's allegations "must

do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 550 U.S. at 555-56).

In deciding whether a plaintiff has set forth a "plausible" claim, the Court must accept the factual allegations in the complaint as true. *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). That tenet, however, "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," to prevent a complaint from being dismissed on grounds that it fails to comport sufficiently with basic pleading requirements. *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555; *Howard v. City of Girard, Ohio*, 346 F. App'x 49, 51 (6th Cir. 2009). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

**C. Analysis**

*i. Excessive Force*

Although Defendants characterize Sharpe's excessive force claim as "poorly worded," they do not contest that he has pleaded sufficient facts to state such a claim. (ECF No. 19, PageID.163). However, Defendants argue that Sharpe's excessive force claim should be dismissed because it was filed outside the applicable statute of limitations. (*Id.*, PageID.174-75). Specifically, despite the long-standing case law holding that "[i]n Michigan, the three (3) year statute of limitations contained in M.C.L.A. 600.5805(2) is the uniform limitations period to be applied to section 1983 claims which arise out of

Michigan," including "excessive force" claims, *White v. Amos*, No. CIV.A. 2:10-14277, 2010 WL 4923097, at *1 (E.D. Mich. Nov. 29, 2010)[3], Defendants urge the Court to apply the two-year statute of limitations in M.C.L. § 600.5805(9)[4], which applies to "an action against a sheriff charging misconduct or neglect of office by the sheriff or the sheriff's deputies." This argument lacks merit. Indeed, the Honorable Thomas L. Ludington recently thoroughly addressed and rejected Defendants' exact argument in *Robinson v. Genesee Cty. Sheriff's Dep't*, No. 16-CV-13805, 2018 WL 4145933, at *4–5 (E.D. Mich. Aug. 30, 2018)[5]:

> Genesee County argues that Robinson's Section 1983 claim should be dismissed because it is time-barred. [] Section 1983 does not specify a statute of limitations for its claims. *Owens v. Okure*, 488 U.S. 235, 239 (1989). Where federal law is silent, such as here, Section 1988(a) directs federal courts to borrow law from the forum state. 42 U.S.C. § 1988(a). In the past though, this led to inconsistencies because federal courts sitting in the same state would borrow different state statutes of limitations for Section 1983 claims. Parties were uncertain as to which state statute of limitations would govern their Section 1983 claim since the courts would characterize each claim and determine which state statute of limitations was the most appropriate. *Wilson v. Garcia*, 471 U.S. 261, 266 (1985).

---

[3] *See also Rodgers v. Cty. of Oakland*, No. 18-12832, 2021 WL 5280075, at *5 (E.D. Mich. Nov. 12, 2021) ("The statute of limitations for claims under 42 U.S.C. § 1983 is established with reference to the statute of limitations for personal injury claims in the state where the case arises. *Wilson v. Garcia*, 471 U.S. 261, 272 (1985). In Michigan, the statute of limitations for personal injury claims is three years. . . . therefore, the Plaintiff's Fourth Amendment/excessive force claims accrued on September 11, 2015 [the date of the incident], and the statute of limitations on those claims ran three years later, on September 11, 2018."); *Franklin v. City of Southfield*, No. 16-13140, 2018 WL 11224401, at *4 (E.D. Mich. Mar. 29, 2018).

[4] The subsection numbers cited by the *White* court and the Defendants appear to be to older versions of the statute. The Court herein cites to the current subsection numbers.

[5] Although Defendants did not cite this case in their motion, it will be familiar to their counsel who represented the sheriff's officer defendants in *Robinson*. Indeed, the arguments they present here are, in many respects, verbatim of the ones made to Judge Ludington in *Robinson*.

In response to this, the Supreme Court in *Wilson v. Garcia* held that Section 1983 claims should be characterized as personal injury actions and that the applicable state personal injury laws would apply. *Id.* at 276. The Court anticipated that this would create more uniformity because within each state, every federal court deciding a Section 1983 claim would apply the same statute of limitations. *See id.* at 275.

However, the law still remained inconsistent within the states because many states had multiple statutes of limitations for personal injury actions. The Supreme Court clarified its approach in *Owens v. Okure*, 488 U.S. 235 (1989), where it held that if "state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions." *Id.* at 249–50. Following *Wilson* and *Owens*, the Sixth Circuit adopted Michigan's personal injury three-year statute of limitations for claims brought pursuant to Section 1983. *Carroll v. Wilkerson*, 782 F.2d 44, 45 (6th Cir. 1986); *Goldsmith v. Sharrett*, 614 Fed. Appx. 824, 827 (6th Cir. 2015); *Chippewa Trading Co. v. Cox*, 365 F.3d 538, 543 (6th Cir. 2004); *Wolfe v. Perry*, 412 F.3d 707, 713 (6th Cir. 2005).

Michigan Compiled Law Service § 600.5805 defines the statute of limitations for "[i]njuries to persons or property" and it is from this statute that the Sixth Circuit adopted the three year statute of limitations for Section 1983 claims. *Carroll*, 782 F.2d at 45. The County argues that instead of applying a three-year statute of limitations, the Court should apply the two-year statute of limitations found in Mich. Comp. Laws § 600.5805(9).[6] The County reasons that Subsection (9) is the most appropriate law because it applies to claims against law enforcement officers. The County reasons that Subsection (9) is an outlier to the rest of the subsections within the statute because "it focuses on the defendant or the actor involved, not the underlying nature of the conduct." [] The County argues that Subsection (9) should serve as the "residual" statute of limitations for Section 1983 actions against law enforcement officers. []; *see Owens* 488 U.S. at 250. It reasons that this interpretation of the law would not create the

[6] As Defendants counsel did in this case, they cited the wrong subsection in *Robinson*. Judge Ludington included the following footnote at this point in his decision: "In its motion for summary judgment, Genesee County cites to Mich. Comp. Laws § 600.5805(7). However, this subsection makes no mention of law enforcement officers or sheriffs. Instead, this language is found in Mich. Comp. Laws § 600.5805(9)." *Id.* at *4.

confusion that prompted *Wilson* because there would be no difficulty in characterizing a Section 1983 claim against a law enforcement officer. [] If the claim involved a law enforcement officer, Subsection (9) would automatically apply and the statute of limitations would be two years. *See id.*

However, the County has not presented any case law or legislative history as to why Subsection (9) should be considered an exception to precedent. ***Adopting this interpretation would depart from Sixth Circuit precedent prescribing a three-year statute of limitations for Section 1983 claims. The relevant Sixth Circuit case law does not consider the status or characteristics of the parties in question when determining the appropriate statute of limitations. Instead, federal courts within Michigan are to apply a three-year statute of limitations when presented with a Section 1983 claim.*** Furthermore, creating a separate class of defendants under Mich. Comp. Laws § 600.5805 would frustrate the intent of *Wilson*. *Wilson* 471 U.S. at 275. The Supreme Court intended to promote uniformity among federal courts within each state, not to create more categories for determining statutes of limitations. *Id.*

The County cites to *McCloskey* in which the court held that the "statute of limitations for any claim against an officer is two years." *McCloskey v. City of Pontiac*, No. 05-73936, 2007 WL 325341 (E.D. Mich. Jan. 31, 2007). However, the County has taken this quote out of context. The plaintiff in the cited case had brought both state law claims and a Section 1983 claim against police officers. The court applied Michigan's two-year statute of limitations law for the state law claims, but applied the three-year statute of limitations statute for the Section 1983 claim. The court specifically stated "Defendants fail to recognize or acknowledge that ***the Sixth Circuit, following Supreme Court case law, has abandoned the practice of finding the 'most appropriate' state statute of limitations for 1983 claims in favor of a more certain standard.***" *Id.* at 9.

The County goes on to argue that regardless of whether law enforcement officers should be considered a different class of persons, the two-year statute of limitations in Subsection (9) should be adopted to promote federalism. [] The County essentially argues that the most appropriate standard in this case would be the approach used prior to *Wilson* and the one articulated in the dissents of *Wilson*. [] The County emphasizes that federal courts should rely upon states to set their own statutes of limitations. [] However, the Court *is* relying upon

> Michigan's statute of limitations by adopting its three year personal injury statute of limitations. ***Most importantly, adopting a three year statute of limitations complies with well-established Sixth Circuit precedent.***

*Robinson*, 2018 WL 4145933, at *4–5 (emphasis added).

Defendants have provided no cogent reason as to why the Court should adopt an approach different from the thorough and well-reasoned one Judge Ludington employed just a few years ago in *Robinson*. Accordingly, a three-year statute of limitations applies to Sharpe's excessive force claim, which accrued on the date of the alleged incident – December 2, 2017. Because Sharpe filed his complaint within three years of that date, his excessive force claim is timely, and Defendants' motion for judgment on the pleadings as to that claim should be denied.

*ii. State Law Claims*

Sharpe brings state law claims of gross negligence and IIED against the Police Officer Defendants. Both of those claims are ripe for dismissal.

*a. Statute of Limitations*

First, unlike Sharpe's constitutional claim, because his state law tort claims are brought against police officers for their alleged wrongful conduct, those claims are subject to the two-year statute of limitations in M.C.L. § 600.5805(9), which, as noted above, applies to "an action against a sheriff charging misconduct or neglect of office by the sheriff or the sheriff's deputies."

Although the individuals in question here are police officers, not "sheriffs" or "sheriff's deputies," in *Mulligan v. Schlachter*, 389 F.2d 231, 233 (6th Cir. 1968), the Sixth

Circuit ruled that Michigan's "two-year limitation period for . . . misconduct of sheriffs and their deputies" applied to claims against ordinary police officers. Much more recently, in *Buck v. City of Highland Park*, No. 16-14368, 2017 WL 3616480, at *3 (E.D. Mich. Aug. 23, 2017), the court applied Michigan's two-year "sheriff's misconduct" statute of limitations to a gross negligence claim against a police officer defendant. *Buck*, 2017 WL 3616480, at *3 ("Plaintiff has also raised a gross negligence claim against Defendant [Officer] Holcomb. Under Mich. Comp. Laws § 600.5805[(9)], '[t]he period of limitations is 2 years for an action against a sheriff charging misconduct or neglect of office by the sheriff or the sheriff's deputies.'").

Sharpe failed to meaningfully respond to the Police Officer Defendants' argument, and instead simply asserted, "Under MCL 600.5805(10)[7], the statute of limitation for Sharpe's claim of intentional infliction of emotional distress is three years." (ECF No. 26, PageID.226). The one case Sharpe cited – *Nelson v Ho*, 222 Mich. App. 74, 85 (1997) – is inapposite. While it is true that the *Nelson* court wrote, "[c]laims of intentional infliction of emotional distress must be brought within three years after they accrue in order to avoid the limitation bar," *id.*, that case involved a patient who sued her doctor, and thus did not implicate the two-year statute of limitations that applies to claims against law enforcement officers for their wrongful conduct.

---

[7] Sharpe also appears to have cited an incorrect subsection of the statute, as subsection 10 provides, "The period of limitations is 2 years after the expiration of the year for which a constable was elected for actions based on the constable's negligence or misconduct as constable." M.C.L. § 600.5805(10). He clearly meant to cite subsection 2, which provides a three-year statute of limitations "for injury to a person or property." M.C.L. § 600.5805(2).

In sum, because Sharpe's state law claims are based on alleged wrongful conduct by police officers, the two-year statute of limitations found in M.C.L. § 600.5805(9) applies. Because Sharpe filed his complaint three years after those claims accrued, they are time-barred and subject to dismissal. Thus, the Police Officer Defendants' motion for judgment on the pleadings should be granted as to Sharpe's state law claims of gross negligence and IIED.

*b. Gross Negligence*

While Sharpe's gross negligence claim is subject to dismissal due to its untimeliness, it also fails as a matter of law on the merits. As the Sixth Circuit Court of Appeals recently explained in *Brent v. Wayne Cty. Dep't of Hum. Servs.*, 901 F.3d 656, 700-01 (6th Cir. 2018):

> Michigan's governmental immunity statute protects government officers from tort liability unless their "conduct ... amount[s] to gross negligence that is the proximate cause of the injury or damage." Mich. Comp. Laws § 691.1407(2)(c). Thus, "establishing that a governmental official's conduct amounted to 'gross negligence' is a prerequisite to avoiding that official's statutory governmental immunity." *Bletz v. Gribble*, 641 F.3d 743, 756 (6th Cir. 2011). ***Michigan's immunity statute does not, however, provide an independent cause of action for "gross negligence," and plaintiffs may not bypass the immunity statute by "transforming intentional excessive force or battery claims into negligence claims."*** *Jackson v. Lubelan*, 657 F. App'x 497, 502 (6th Cir. 2016). As plaintiffs here are seemingly attempting to reframe Officer Bridson's alleged "assault" of Brent as a claim for gross negligence [] the district court correctly dismissed plaintiffs' gross-negligence claim against the City Defendants.

*Brent*, 901 F.3d at 700-01 (emphasis added).

Similarly, in *Spicer v. Michigan*, No. 2:19-CV-13718, 2020 WL 12443428, at *5

(E.D. Mich. May 19, 2020), the court held that a plaintiff "cannot 'transform claims involving elements of intentional torts into claims of gross negligence'" and that "[w]hen a 'claim of gross negligence is fully premised on [a] claim of excessive force,' as here, the gross negligence claim fails." *Spicer*, 2020 WL 12443428, at *5 (internal citations omitted).

Here, a review of Sharpe's operative complaint makes clear that his gross negligence claim is "fully premised" on his allegations that the Police Officer Defendants employed excessive force during the incident in question. Indeed, in Count II of his amended complaint – Gross Negligence, Sharpe alleges, "Defendants' assault and battery conduct, the slamming of Plaintiff up against the wall, the slamming of Plaintiff on the ground and the tightening of the handcuffs, all causing injury to Plaintiff, was so reckless that it demonstrated a lack of concern regarding whether an injury would occur. . . . When the Defendants were committing the assaultive conduct, which was excessive under the circumstances." (ECF No. 16, PageID.122). Accordingly, Sharpe's gross negligence claim is subject to dismissal. *Brent*, 901 F.3d at 700-01; *Spicer*, 2020 WL 12443428, at *5.

*c. IIED*

In addition to being untimely, Sharpe's IIED claim fails on the merits. "To establish a claim of intentional infliction of emotional distress, a plaintiff must prove the following elements: (1) extreme and outrageous conduct, (2) intent or recklessness, (3) causation, and (4) severe emotional distress." *Hayley v Allstate Ins. Co.*, 262 Mich. App. 571, 577 (2004) (quotation marks and citation omitted). Sharpe's IIED claim suffers from the same

shortcomings as does his gross negligence claim; the law is clear that a plaintiff cannot state an IIED claim by simply restating his excessive force allegations and labeling them "intentional infliction of emotional distress." In *Parsons v. City of Ann Arbor*, No. 2:20-CV-10486, 2021 WL 795676 (E.D. Mich. Mar. 2, 2021), the Honorable Stephen J. Murphy, III dealt with this precise issue in a case – like Sharpe's – where the plaintiff alleged he had been subjected to excessive force during an arrest. Indeed, the salient allegations in *Parsons* were similar to Sharpe's. The *Parsons* plaintiff alleged that an altercation had occurred at a bar he was at, and that he was misidentified as being involved. After Parsons left the bar and was standing outside, Police Officer Kandt "forced him face-first onto the hood of the police car, trapping one of [his] arms between his chest and the hood of the police car" and "without hesitation, grabbed [Parsons], picked him up, and body-slammed him face-first down onto the pavement." *Parsons*, 2021 WL 795676, at *1.

In addition to an excessive force claim, Parsons alleged that Officer Kandt's conduct constituted IIED. Judge Murphy dismissed that claim, however, explaining:

> To plead an IIED claim "under Michigan law, a plaintiff must show extreme and outrageous conduct, intent or recklessness, causation, and severe emotional distress." *Brent v. Wayne Cnty. Dep't of Human Servs.*, 901 F.3d 656, 678 (6th Cir. 2018) (citing *Jones v. Muskegon Cty.*, 625 F.3d 935, 948 (6th Cir. 2010)). "Such conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Id.* (quoting *Jones*, 625 F.3d at 948). That said, "[a] defendant with an intent to cause tortious or even criminal harm is not enough, nor is an intent to inflict emotional distress, nor malice or conduct that might entitle a plaintiff to punitive damages for another tort." *McGrew v. Duncan*, 333 F. Supp. 3d 730, 742 (E.D. Mich. 2018) (citing *Polk v. Yellow Freight Sys., Inc.*, 801 F.2d 190, 195 (6th Cir. 1986)).

> * * *
>
> [Parsons] alleged that Officer Kandt used excessive force to carry out an arrest. [] "[W]hen courts have analyzed IIED claims brought by plaintiffs against officers based on conduct during the course of an arrest, the courts 'have not equated excessive force with outrageous conduct.'" *Avery v. Neverson*, No. 18-11752, 2020 WL 3440576, at *3 (E.D. Mich. Apr. 3, 2020)[8] (quoting *Valdex v. United States*, 58 F. Supp. 3d 795, 831 (W.D. Mich. 2014)). And courts throughout the Eastern District of Michigan have interpreted Michigan law so that an officer's excessive force cannot support an IIED claim. *Henderson v. Jackson*, No. 15-10807, 2016 WL 3125214, at *12 (E.D. Mich. June 3, 2016) ("The plaintiff has presented ample evidence that [the defendant] intended to cause physical injury upon [the plaintiff], but there is no evidence that the defendant intended to inflict emotional trauma." "The plaintiff has not cited a single case in which a police officer's excessive force—even the use of deadly force—has been found to support an IIED claim. In fact, Michigan law suggests the contrary.") (emphasis in original) (citation omitted).

*Parsons*, 2012 WL 795676, at *7-8 (footnote added).

While the Court need not go so far as to find that no allegations of excessive force could ever support an IIED claim, given the similarities between Sharpe's IIED claim and the one in *Parsons*, Sharpe's IIED claim fails as a matter of law. *Id.* Sharpe alleges, "Defendant's [sic] conduct described herein was extreme and outrageous conduct because it was beyond all possible bounds of decency and could be regarded as atrocious and utterly intolerable in a civilized community and would (and in fact has) cause an average member of the community would [] exclaim, 'Outrageous!'"(ECF No. 16, PageID.123). But the

[8] In *Avery*, 2020 WL 3440576, at *4 (E.D. Mich. Apr. 3, 2020), the court explained, "[i]ntentional infliction of emotional distress is applicable to extraordinary situations. Although Defendant's conduct in [] hitting Plaintiff may have been illegal, it does not meet the criteria for an IIED claim. Under state law, it simply is not enough that the defendant has acted with criminal intent or intent 'to inflict emotional distress,' or 'malice.'"

referenced "conduct" is the same type of gratuitous "slamming" incident to arrest at issue in *Parsons*, which, while reprehensible, did not rise to the "extraordinary" level needed to support an IIED claim under Michigan law. *Parsons*, 2012 WL 795676, at *7-8. Sharpe's conclusory characterizations of the conduct as "extreme and outrageous," are irrelevant, *Iqbal*, 556 U.S. at 678, and his assertions that the Police Officer Defendants' conduct "would naturally and probably result in emotional distress" and was "intentional" (ECF No. 16, PageID.123) are also insufficient as a matter of law. *Id.* at *8 ("Plaintiff asserted no allegations beyond mere conclusory statements that Officer Kandt intended to cause emotional distress. [] Based on the complaint's allegations and Michigan law, the Court cannot infer that Officer Kandt plausibly intended to cause emotional injury to Plaintiff.").

In sum, Sharpe has improperly attempted to equate his excessive force claim with an IIED claim, and he fails to plead sufficient facts to state an IIED claim in any event. Accordingly, Sharpe's IIED claim should be dismissed.

## III. CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** that Defendants' motion for judgment on the pleadings **(ECF No. 19)** be **GRANTED IN PART AND DENIED IN PART**, and that all of Sharpe's claims be **DISMISSED** except for his excessive force claim against the Police Officer Defendants.

Dated: December 13, 2021
Ann Arbor, Michigan

s/David R. Grand
DAVID R. GRAND
United States Magistrate Judge

**NOTICE TO THE PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 13, 2021.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager