UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Anthony Sharpe,

                Plaintiff,        Case No. 20-cv-13172

v.                                  Judith E. Levy
                                  United States District Judge

City of Southfield, *et al.*,

                                  Mag. Judge David R. Grand

                Defendants.

_____/

## ORDER GRANTING DEFENDANTS' MOTION FOR ALTERNATE SERVICE OF SUBPOENAS ON NON-PARTY WITNESSES [44]

Before the Court is a motion for alternate service of subpoenas on non-party witnesses filed by Defendants City of Southfield, City of Southfield Police Department, William Pieroni, Christopher Don, Steven Hendricks, and Joseph Martinez.[1] (ECF No. 44.) Plaintiff Anthony Sharpe has not responded to the motion, and the time for him

---

[1] Defendants' statement that they "complied with LR 7.1 by seeking Plaintiff's concurrence on this motion prior to filing" (ECF No. 44, PageID.300) is insufficient to satisfy the requirements of Eastern District of Michigan Local Rule 7.1(a). The Court directs Defendants' counsel to review the language of Local Rule 7.1(a) before filing future motions to ensure full compliance with this rule.

to do so has elapsed. For the reasons set forth below, Defendants' motion is GRANTED.

## I. Background

Plaintiff brings this case under 42 U.S.C. § 1983, and his claims in the amended complaint include an excessive force claim alleging a violation of the Fourth Amendment. (*See* ECF Nos. 16, 34, 36.) In their motion for alternate service of subpoenas on non-party witnesses, Defendants seek permission to use alternate means to serve subpoenas to appear and testify at a deposition on two non-party witnesses: (1) Lamont Sharpe and (2) Lamont Sharpe Jr. Defendants state that "[a]ccording to Plaintiff's deposition testimony, Lamont [sic] and Lamont Jr. [sic] were participants in, or witnesses to, the altercation that led to the police arriving at Plaintiff's home" on December 2, 2017. (ECF No. 44, PageID.305; *see* ECF No. 44-2, PageID.316–320.) The events that followed the police's arrival are challenged in Plaintiff's § 1983 complaint. (*See* ECF No. 16.)

Defendants wish to serve Sharpe and Sharpe Jr. "by sending their subpoenas via first class mail and posting the subpoenas on the front door of the residence at the[ir] . . . current address." (ECF No. 44,

2

PageID.305.) Defendants make this request for alternate service of a subpoena "to obtain necessary testimony." (*Id.*) They state that their "several attempts to personally serve the witnesses at their current address . . . have been unsuccessful." (*Id.*)

Regarding their prior service attempts, Defendants indicate that on January 14, 2022, they sent[2] a notice to Sharpe and Sharpe Jr. for a deposition scheduled to take place on January 26, 2022. (*See id.* at PageID.306; ECF Nos. 44-4, 44-5.) Each deposition notice included a subpoena issued by Defendants' attorney T. Joseph Seward. (*See* ECF No. 44, PageID.306; ECF No. 44-4, PageID.334; ECF No. 44-5, PageID.344.) Defendants indicate that Plaintiff's counsel asked to reschedule the depositions due to a scheduling conflict, so "[o]n January 19, Defense counsel sent, via certified mail, a Re-Notice of Deposition stating the depositions would occur February 2, 2022." (ECF No. 44,

---

[2] Defendants do not specify in their motion how the January 14, 2022 deposition notices were "sent" to Sharpe and Sharpe Jr. (ECF No. 44, PageID.306.) Attached as Exhibits 3 and 4 to Defendants' motion are copies of the deposition notices. (*See* ECF Nos. 44-4, 44-5.) A letter that appears to have accompanied each deposition notice states in the top right corner: "Via Certified Mail & Personal Service." (ECF No. 44-4, PageID.330; ECF No. 44-5, PageID.340.) But the exhibits do not contain evidence of how each notice was delivered to Sharpe and Sharpe Jr. In light of Defendants' assertion in their motion that they retained a process server on February 8, 2022 (*see* ECF No. 44, PageID.307), the Court presumes that the notices were sent by certified mail.

3

PageID.307.) Defendants state that "[t]he Return Receipts indicate both Re-Notices were received by 'Sharpe' at 8587 Meyers [Street], Detroit, Michigan on January 21, 2022." (*Id.*; *see* ECF No. 44-6.) According to Defendants, "neither witness appeared for his scheduled deposition." (ECF No. 44, PageID.307.)

Defendants state that on February 8, 2022, they "prepared a Second Re-Notice of Deposition" and retained a process server "to personally serve the subpoenas."3 (*Id.*) The process server, Miguel Bruce, made four unsuccessful attempts to personally serve Sharpe and Sharpe Jr. at 8587 Meyers Road, Detroit, MI 48828. (*See id.*; ECF No. 44-7, PageID.356–357.) Bruce made his first attempt at around 12:23 p.m. EST on February 10, 2022, during which "a black male who was approximately 5'7["] and 200[ ]lbs." and "an elderly woman" told Bruce that Sharpe and Sharpe Jr. "were not home." (ECF No. 44-7, PageID.356.) Bruce "gave the woman [his] contact card and asked her to have them call [him]." (*Id.*) Bruce wrote in an email sent to an individual at Defendants' counsel's office that "based on my experience

---

3 An affidavit signed by the process server, which is attached as Exhibit 6 to Defendants' motion, indicates that the process server's office received a request from Defendants' counsel's office on February 9, 2022 "to personally serve" Sharpe and Sharpe Jr. (ECF No. 44-7, PageID.356.)

4

the gentlemen [sic] who came to the door and left was more than likely one of the Sharpes." (*Id.*)

Bruce made a second attempt at personal service later that day: at 6:13 p.m. EST on February 10, 2022. (*See id.*) Bruce "knocked on the front door . . . but did not receive a response. [He] left a business card with [his] contact information and a number." (*Id.*) The third time Bruce attempted personal service was on February 11, 2022 at 1:35 p.m. EST. (*See id.*) Bruce again knocked on the front door, "did not receive a response," and "left a business card with [his] contact information and phone number." (*Id.*)

Bruce made a fourth attempt to personally serve Sharpe and Sharpe Jr. on February 17, 2022 at approximately 1:33 p.m. EST. (*See id.* at PageID.357.) Bruce "knocked on the front door but did not receive any response. [He] then posted the subpoenas for Lamont Sharpe and Lamont Sharpe Junior on the front door of the residence." (*Id.*) An affidavit signed by Bruce states that prior to his fourth service attempt, someone from Defendants' counsel's office "instruct[ed him in an email] to leave the papers on the door/mailbox if the residents avoided coming to the door." (*Id.* at PageID.356.) Between his third and fourth service

5

attempts, Bruce communicated in an email to the same person from Defendants' counsel's office his belief that "[t]hey are avoiding. There are people in the house, but they refused to come to the door." (*Id.*)

Defendants note in their motion (ECF No. 44, PageID.307) that a "Voter Registration Record" for "Lamont Ternell Sharpe" and a "People Finder – Historic Tracker Record" for "Sharpe, Lamont T" list the following address: 8587 Meyers Road, Detroit, MI 48228. (ECF No. 44-8, PageID.358; ECF No. 44-9, PageID.359.) The "Voter Registration Record" indicates that the "[i]nformation [is] [c]urrent" through July 10, 2022. (ECF No. 44-8, PageID.358.) The "People Finder – Historic Tracker Record" indicates that the "[i]nformation [is] [c]urrent" through November 30, 2022. (ECF No. 44-9, PageID.359.)

## II. Legal Standard

Federal Rule of Civil Procedure 45(b) provides that "[a]ny person who is at least 18 years old and not a party may serve a subpoena" and that "[s]erving a subpoena requires delivering a copy to the named person." Fed. R. Civ. P. 45(b)(1). Courts are divided on whether Rule 45 requires personal service upon the named individual. *See Monson v. Ghougoian*, No. 18-10638, 2019 WL 2464499, at *1 (E.D. Mich. June 13,

6

2019); *Oceanfirst Bank v. Hartford Fire Ins. Co.*, 794 F. Supp. 2d 752, 753–54 (E.D. Mich. 2011) (collecting cases). While the Sixth Circuit has not conclusively addressed the issue, it has previously affirmed an order quashing a subpoena where the plaintiff failed to comply with the requirements of Rule 45, including personal service. *See Hill v. Homeward Residential, Inc.*, 799 F.3d 544, 552–53 (6th Cir. 2015).

In this district, courts have repeatedly held that Rule 45 also permits service by alternate means. *See Asian Food Serv., Inc. v. Travelers Cas. Ins. Co. of Am.*, No. 18-13454, 2020 WL 230134, at *1 (E.D. Mich. Jan. 15, 2020) (collecting cases). "However, the party seeking to serve a subpoena by alternate means must first 'demonstrate[ ] an inability to effectuate [personal] service after a diligent effort.' Moreover, '[t]he alternate means must be reasonably calculated to achieve actual delivery.'" *Id.* (alterations in original) (quoting *Oceanfirst Bank*, 794 F. Supp. 2d at 754).

7

## III. Analysis

In this case, Defendants show an inability to personally serve Sharpe and Sharpe Jr. "after a diligent effort."[4] *Id.* Bruce made four failed attempts at personal service by going to 8587 Meyers Road (1) twice on February 10, 2022, (2) once on February 11, 2022, and (3) once on February 17, 2022. During his first service attempt, Bruce spoke with a man who he suspected was "more than likely one of the Sharpes" as well as a woman. (ECF No. 44-7, PageID.356.) The man and woman both told Bruce that Sharpe and Sharpe Jr. "were not home." (*Id.*) Bruce then gave the woman his contact information and asked that Sharpe and Sharpe Jr. contact him. The second and third times Bruce attempted personal service, Bruce left his business card with his contact information at the residence when no one responded to him knocking on the front door. After making three separate attempts

---

[4] Defendants acknowledge in their motion that courts allow service of a subpoena by alternate means "once the party seeking evidence demonstrates an inability to effectuate [personal] service after a diligent effort." (ECF No. 44, PageID.308 (alteration in original) (quoting *OceanFirst Bank v. Hartford Fire Ins. Co.*, 794 F. Supp. 2d 752, 754 (E.D. Mich. 2011).) Based on the language in Defendants' motion—which is quoted from *OceanFirst Bank v. Hartford Fire Ins. Co.*, a case from this district—Defendants should have sought permission from the Court before their attempts to serve Sharpe and Sharpe Jr. by mail in January 2022 and by posting in February 2022. The Court nevertheless considers whether Defendants should be allowed to serve the subpoenas through alternate means at this time.

8

to personally serve Sharpe and Sharpe Jr., Bruce noted that "[t]here are people in the house, but they refused to come to the door." (*Id.*) Bruce suspected that "[t]hey are avoiding" service. (*Id.*) Bruce then made a fourth attempt at personal service by knocking on the front door of 8587 Meyers Road, but there was no response.

Defendants also show that the proposed "alternate means" are "reasonably calculated to achieve actual delivery." *Asian Food Serv., Inc.*, 2020 WL 230134, at *1. This court has stated that "[m]ailing by first-class mail to the actual address of the intended recipient generally will suffice, *see Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 799 . . . (1983), especially when the mailing is accompanied by posting at the known address of the prospective witness." *OceanFirst Bank*, 794 F. Supp. 2d at 754. Defendants have provided evidence that 8587 Meyers Road is likely Sharpe and Sharpe Jr.'s current address. As Defendants note in their motion, Bruce being told during his first service attempt on February 10, 2022 that Sharpe and Sharpe Jr. "were not home" (ECF No. 44-7, PageID.356) "implicitly confirms" that 8587 Meyers Road is their address. (ECF No. 44, PageID.309.) Further confirmation is found

in the return receipts addressed to "8587 Meyers Street,[5] Detroit, MI 48228" that have a delivery date of January 21, 2022 and are signed by "Sharpe." (ECF No. 44-6.) Moreover, the records provided by Defendants—the "Voter Registration Record" for "Lamont Ternell Sharpe" and the "People Finder – Historic Tracker Record" for "Sharpe, Lamont T"—list the following address: 8587 Meyers Road, Detroit, MI 48228. (ECF No. 44-8, PageID.358; ECF No. 44-9, PageID.359.) The "Voter Registration Record" contains an "Information Current" date of July 10, 2022 (ECF No. 44-8, PageID.358), and the "People Finder – Historic Tracker Record" contains an "Information Current" date of November 30, 2022. (ECF No. 44-9, PageID.359.) Based on this evidence, it is reasonable to conclude that Sharpe and Sharpe Jr.'s current address is 8587 Meyers Road, Detroit, MI 48228.

Because Defendants show that they have been unable "to effectuate [personal] service after a diligent effort" and that the proposed methods of alternate service are "reasonably calculated to achieve actual delivery," *Asian Food Serv., Inc.*, 2020 WL 230134, at *1,

---

[5] The return receipts indicate that the items were received by "Sharpe" despite the apparently mistaken use of the word "Street" instead of "Road" in the mailing address.

Defendants' motion is granted. Defendants may serve a deposition subpoena on Sharpe and Sharpe Jr. by sending the subpoena through first-class mail to 8587 Meyers Road, Detroit, MI 48228 and by posting the subpoena at that address.

## IV. Conclusion

For the reasons set forth above, Defendants' motion for alternate service of subpoenas on non-party witnesses (ECF No. 44) is GRANTED.

IT IS SO ORDERED.

Dated: February 1, 2023  s/Judith E. Levy
    Ann Arbor, Michigan  JUDITH E. LEVY
                                          United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 1, 2023.

                                      s/William Barkholz
                                       WILLIAM BARKHOLZ
                                       Case Manager